UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DR. THOMAS HUBBARD, PhD,  *Plaintiff*,  v.  SARAH ALLEN BLAKEMORE and JOHN DOES 1-10,  *Defendants*. | Case No. 1:20-cv-767 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
SARAH ALLEN BLAKEMORE'S MOTION FOR LEAVE TO
SUPPLEMENT SUMMARY JUDGMENT**

COMES NOW Dr. Thomas Hubbard, PhD ("***Dr. Hubbard***" or "***Plaintiff***") and files his Response in Opposition ("***Response***") to Defendant Sarah Allen Blakemore's ("***Blakemore***" or "***Defendant***") Motion to Supplement ("***Motion***") [Doc. 13] Summary Judgment ("***MSJ***") and would respectfully show as follows:

### I.  GROUNDS FOR OPPOSITION

Blakemore's MSJ was based on the exclusive grounds that **her** statements in the Flyer and the *Statesman* that form the basis of Plaintiff's claims were statements of opinion and not of fact. For the reasons already briefed, this is not true and the MSJ should be denied.

Now, however, Blakemore claims to have discovered "new evidence" in the form of a letter that Dr. Hubbard recently sent to a third-party that "proves" that Blakemore's statements from 2019 are opinions. This makes absolutely no sense. The opinion test is whether a statement is conveying actual facts about a person and "depends on a reasonable

person's perception of the entirety of a publication and not merely on individual statements."[1] Whether Blakemore's own statements are opinions or fact is determined by her statements themselves and not on extraneous evidence or Dr. Hubbard's statements. Blakemore cites to no authority that permits a court to consider third-party statements or "admissions" by the plaintiff can "prove" that statements are opinions or facts. In short, a letter from Dr. Hubbard in October 2020 does absolutely nothing to prove whether Blakemore's Flyer and statements in November 2019 were statements of fact or opinion. As such, leave to supplement the MSJ with the evidence attached by Defendant would be futile and have no bearing on the MSJ. Therefore, it should be denied.

Finally, the Court cannot grant summary judgment on any ground not raised in the initial MSJ unless Plaintiff is given an opportunity to file a supplemental MSJ Response addressing the newly-raised evidence and arguments.[2] Therefore, to the extent the Court grants the Motion for leave, the Court should allow Plaintiff an adequate time to address the issues raised by the argument and evidence raised in the Supplement. Should the Court grant the Motion, then Plaintiff reserves the right to fully address the issues raised by the Supplement, the admissibility of the evidence contained therein, and all other issues raised therein.

---

[1] *Turner v. KTRK TV., Inc.*, 38 S.W.3d 103 (Tex. 2000)).

[2] *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (holding that MSJ grounds cannot be raised outside of initial MSJ unless non-movant is given adequate opportunity to respond to newly-raised grounds).

## II.   CONCLUSION

Blakemore's "newly discovered" evidence has nothing to do with whether her statements are those of opinions or facts. As such, the Motion should be denied and, to the extent it is not, Plaintiff should be given adequate time to respond.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley_____
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

This is to certify that on this the 28th day of October, 2020, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record via ECF.

/s/ Joe Sibley_____
Joe Sibley