UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. THOMAS HUBBARD, PhD. § | | |
|    *Plaintiff,* § | | |
| § | | |
| v. § | CA NO. 1:20-cv-00767-RP | |
| § | | |
| SARAH ALLEN BLAKEMORE; and § | JURY DEMANDED | |
| JOHN DOES 1 – 10, § | | |
|    *Defendants*. § | | |

## Defendant Sarah Allen Blakemore's Response to Plaintiff's Motion to Dismiss with Prejudice

Sarah Allen Blakemore ("Defendant" or "Blakemore") files this Response to Plaintiff's Motion to Dismiss with Prejudice. Blakemore would respectfully show the court as follows:

1. The claims brought by Plaintiff Thomas Hubbard ("Plaintiff" or "Hubbard") should be dismissed for the reasons set forth in Blakemore's pending Motion for Summary Judgment and not because Hubbard is done with this lawsuit now that it has served his purposes as a bargaining tool in negotiations with the University of Texas (the "University.") As will be detailed in the Motion for Sanctions Blakemore is preparing to serve on Hubbard, he began pressing the University to pay him an exorbitant sum to take an "early retirement" over a decade ago in exchange for his agreement not to file any lawsuits against it. That gambit did not pay off, but Hubbard has now achieved success by agreeing to drop the frivolous lawsuits he brought against Blakemore and two other University students in exchange for payment of $700,000 by the University in an unrelated lawsuit.

2. Hubbard initiated this lawsuit for an improper purpose and should be sanctioned for his abuse of the federal court system before this lawsuit is dismissed. The Court may issue appropriate sanctions under Rule 11 and/or under its own inherent power. Under Rule 11, Hubbard is to be

afforded an opportunity to withdraw or correct his baseless claims before the Motion for Sanctions is filed and Blakemore will provide Hubbard with that opportunity, although he has made clear that he has no intention to even consider acknowledging his mistake in filing this lawsuit.

3. On the contrary, Hubbard has declared himself a "prevailing party" by "having received a large settlement [from the University] to dismiss his claims against Blakemore." Crowing about success he never achieved in this lawsuit is not commensurate with the Rule 11 requirement that a party withdraw or correct their pleadings to take advantage of the safe harbor provisions of that statute. Hubbard's decision to seek dismissal as a requirement for obtaining payment from the University should not be deemed a "withdrawal" of his claims for purposes of Rule 11, but even if it is considered as compliant with Rule 11, the Court still retains the authority to sanction Hubbard under its inherent power.

4. Hubbard not only filed this lawsuit against Blakemore for an improper purpose, his claims are also meritless, and he has acknowledged that he had no evidentiary basis for alleging that Blakemore initiated and instigated an attack on his house, as was asserted in his complaint. Each of these points will be addressed in Blakemore's Motion for Sanctions. Blakemore respectfully requests the Court refrain from dismissing this lawsuit until such time as the Motion for Sanctions can be heard and considered.

    Respectfully Submitted,

    **HOOVER SLOVACEK LLP**

    By: *//s// Colin L. Guy*
        Colin L. Guy
        Texas State Bar No. 24083118
        Galleria Tower II
        5051 Westheimer, Suite 1200
        Houston, Texas 77056
        Tel: (713) 977-8686
        Fax: (713) 977-5395
        Email: guy@hooverslovacek.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 27th day of July 2021, a true and correct copy has been served by electronic service on the following attorneys, pursuant to the Federal Rules of Civil Procedure.

Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEY FOR PLAINTIFF**

                                                        By: *//s// Colin L. Guy*
                                                              Colin L. Guy