IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DR. THOMAS HUBBARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-767-RP |
| | § | |
| SARAH ALLEN BLAKEMORE, and JOHN DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Thomas Hubbard's ("Hubbard") Motion to Dismiss with prejudice his claims against Defendants Sarah Blakemore ("Blakemore") and John Does 1–10 because of a settlement agreement between Hubbard and The University of Texas of Austin ("UT"). (Dkt. 32). Blakemore opposes Hubbard's motion to dismiss because she believes the claims "should be dismissed for the reasons set forth in Blakemore's pending Motion for Summary Judgment and not because Hubbard is done with this lawsuit now that it has served his purposes as a bargaining tool in negotiations with" UT. (Resp., Dkt. 33, at 1).

Hubbard filed his motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 41(a)(2). Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Templeton v. Nedllovd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Generally, motions for voluntary dismissal should be freely granted, unless the non-moving party can show it would suffer some plain legal prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

Hubbard seeks to voluntarily dismiss his claims with prejudice. (Dkt. 32). Blakemore fails to explain how she will suffer prejudice if Hubbard's claims against her are dismissed, but rather argues

that she plans to seek sanctions against Hubbard because he "filed this lawsuit against Blakemore for an improper purpose [and] his claims are also meritless." (Dkt. 33, at 2).

Under Rule 11, parties seeking sanctions must first comply with the Rule's "safe harbor" provision, which states that the sanctions motion "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Accordingly, a party must first serve his opponent with the Rule 11 motion, wait 21 days, and file the motion only if the opposing party has not yet withdrawn the questioned document or otherwise corrected the alleged misconduct. *See id.* The Rule thus provides parties and attorneys faced with a possible Rule 11 motion time in which to assess the potential violation and, if appropriate, to withdraw the offending document or contention without fear of sanctions. *See id.*; Fed. R. Civ. P. 11 Advisory Committee Notes (1993 amendments) ("Given the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case.").

Because any Rule 11 sanctions motion would be mooted by the instant motion to dismiss under the rule's "safe harbor provision," the Court finds that the Blakemore will not suffer prejudice from the dismissal of Hubbard's claims, and in any event, her forthcoming sanctions motion would not likely be considered timely given the procedural posture of this case. *See, e.g.*, *Argent Mortg. Co., LLC v. Diaz*, 2006 WL 2092430, at *3 (S.D. Tex. July 26, 2006) (Rule 11 sanctions motion denied where not filed 'promptly after the inappropriate paper [wa]s filed'" and "Plaintiffs withdrew the allegedly offending pleading by voluntarily dismissing the case."); *see also AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (Rule 11 sanctions unavailable where plaintiff had already taken

action to dismiss offending claims).¹ Moreover, Blakemore may still recover her costs after final judgment through a Rule 54 motion or a motion for sanctions under 28 U.S.C.A. § 1927. *See* Fed. R. Civ. P. 54; Local Rule CV-54; 28 U.S.C.A. § 1927.

Accordingly, Hubbard's motion to dismiss, (Dkt. 32), is **GRANTED**. **IT IS ORDERED** that Hubbard's claims against Blakemore are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this case are **MOOT**.

The Court will enter final judgment by separate order.

**SIGNED** on August 4, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

¹ Moreover, any informal notice Blakemore purported to provide to Hubbard in her response, or any time, regarding her intent to file a motion for Rule 11 sanctions is insufficient to trigger the "safe harbor" provision. *Dunster Live, LLC v. LoneStar Logos Mgmt. Co.*, LLC, No. A-16-CV-968-LY-ML, 2017 WL 11219769, at *4 (W.D. Tex. Aug. 8, 2017), *report and recommendation adopted*, No. 1:16-CV-968-LY, 2017 WL 11219770 (W.D. Tex. Aug. 30, 2017), *aff'd sub nom. Dunster Live, LLC v. LoneStar Logos Mgmt. Co., LLC.*, 908 F.3d 948 (5th Cir. 2018) ("Providing notice of an intent to seek sanctions in another form does not suffice to meet the requirements of the rule.").