## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| DR. THOMAS HUBBARD, PhD, *Plaintiff*, v. SARAH ALLEN BLAKEMORE and JOHN DOES 1-10, *Defendants*. | Case No. 1:20-cv-767 |

### PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW Plaintiff and serves his Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure as follows:

*Rule 26(a)(1)(A)(i)*

**The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

1. <u>Dr. Thomas Hubbard, PhD</u>

    Dr. Hubbard is the Plaintiff and has knowledge of the falsity of Defendant Blakemore's statements and the ensuing damage that occurred to his reputation and his mental anguish. He may be contacted through undersigned counsel.

# EXHIBIT 6

2. Sarah Allen Blakemore

   Blakemore is a Defendant in this case and has knowledge of her statements at issue in this case, her motivations for making the statements, and her investigations, in any, prior to making the statements. She may be contacted through her counsel of record.

3. Hollie Green

   Green is a former student at the University of Texas at Austin who issued publications around the same time as Blakemore that were substantially similar in content to Blakemore's statements. Green may be a co-conspirator of Blakemore's and/or may have either influenced Blakemore's tortious conduct or been influenced by Blakemore's tortious conduct. Her email address is hag736@utexas.edu and her phone number is believed to be 817-736-5152.

4. Sam Ross

   Ross is a current or former student at the University of Texas at Austin who issued publications around the same time as Blakemore that were substantially similar in content to Blakemore's statements. Ross may be a co-conspirator of Blakemore's and/or may have either influenced Blakemore's tortious conduct or been influenced by Blakemore's tortious conduct. Ross may be contacted through his counsel, Steve McConnico, Scott Douglass & McConnico, LLP, 303 Colorado St., Suite 2400, Austin, TX 78701.

5. Zoe Elise Thomas

   Thomas is a current or former student at the University of Texas at Austin who issued publications after Blakemore that were substantially similar in content to Blakemore's statements. Thomas may be a co-conspirator of Blakemore's and/or may have either influenced Blakemore's tortious conduct or been influenced by Blakemore's tortious

conduct. She may be contacted through her counsel, Catherine Robb, Hayne and Boone, LLP, 600 Congress Avenue, Suite 1300, Austin, TX 78701.

6. <u>Gregory Fenves</u>

    Fenves was the president of UT Austin during the relevant time frame and authored a letter to *The Dallas Morning News* implying special knowledge of Dr. Hubbard's writings and any supposed controversies regarding him at UT. He may be contacted at Office of the President, 505 Kilgo Circle, Atlanta, GA 30322.

7. <u>Custodian of Records – University of Texas at Austin</u>

    The University has records that likely pertain to some of the issues pertinent to the veracity of Blakemore's statements and her motivations for making them. It may be contacted through the Office of the Vice President for Legal Affairs, 2304 Whitis Avenue, FAC 438 (G4800), P.O. Box R, Austin, TX 78713.

8. <u>Any Witness Disclosed By Any Defendant</u>

    Plaintiff reserves the right to elicit testimony of information from any witness disclosed by any Defendant.

*Rule 26(a)(1)(A)(ii)*

**A copy—or a description of category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Plaintiff identifies the following categories of documents:

1. Plaintiff's publications that provide the context and substance of his scholarship on pederasty in Ancient Greece.

2. Plaintiff's mental health medical records demonstrating his mental anguish and disruption of daily routines following Defendants' tortious actions (only upon entry of a protective order protecting Plaintiff's medical and confidential information).

3. Correspondence with Blakemore.

4. Blakemore's public statements previously referenced and/or included as exhibits with Plaintiff's Complaint.

*Rule 26(a)(1)(A)(iii)*

**A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

Plaintiff intends to seek the following items of damages. Plaintiff has not received documents sufficient to compute all items of damages at this point and reserves the right to supplement:

1. General Damages

    Because Blakemore's statements are defamatory *per se,* general damages are presumed. These general damages include compensation for injury to character or reputation, injury to feelings, and mental anguish. *See Bentley v. Bunton*, 94 S.W.3d 561, 604 (Tex.2002). Although such damages are not readily calculable by any precise methodology, Dr. Hubbard will request at least $250,000.00 for reputational and character injury and $250,000.00 for mental anguish and injury to feelings. Dr. Hubbard will offer his mental health and other medical records into evidence to show a disruption in his daily routine and mental stress and anguish that occurred after the

-4-

tortious conduct.  The documents will be produced upon the entry of an appropriate protective order protecting Dr. Hubbard's confidential and private medical information because they are otherwise subject to privilege.

2. Exemplary Damages

Because Blakemore acted with actual malice and/or reckless disregard for the truth with respect to the statements, Plaintiff will seek treble of his general damages as exemplary damages.

*Rule 26(a)(1)(A)(vi)*

**For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment: Foro is not aware of any applicable insurance agreement at this time relevant to the subject matter of this case.**

Not applicable.

Respectfully submitted,

CAMARA & SIBLEY LLP

/s/ Joseph D. Sibley
Joseph D. Sibley
State Bar No. 24047203
sibley@camarasibley.com
Camara & Sibley LLP
1108 Lavaca St
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131

**ATTORNEYS FOR PLAINTIFF**

-5-

-6-

## CERTIFICATE OF SERVICE

This is to certify that on this the 19th day of November, 2020, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record via U.S. Mail to all counsel of record.

/s/ Joe Sibley

Joe Sibley